# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06006-JDE | Date | February 20, 2025 |
|---|---|---|---|
| Title | Aaron Hunter v. Leland Dudeck, Acting Comm'r of Soc. Sec. Admin. | | |

Present: The Honorable    John D. Early, United States Magistrate Judge

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

**Proceedings:**          (In Chambers) Order re Briefing on Motion for Attorney's Fees (Dkt. 25)

On February 4, 2025, counsel for Plaintiff filed a Motion for Attorney's Fees under 42 U.S.C. § 406(b) (Dkt. 25, "Motion") and attests that the Motion was served by mail upon Plaintiff with and advisement regarding Plaintiff's right to object to the Motion. Motion at 2, 17. On February 5, 2025, the case was reassigned to the current magistrate judge, who issued a briefing order on the Motion, directing that the Motion would be decided on the papers without a hearing, with any opposition or other position to be filed by February 18, 2025, at which time the matter would be deemed submitted. Dkt. 26, 27 ("Briefing Order"). On February 7, 2025, Plaintiff's counsel filed a Proof of Service reflecting the Briefing Order had been served by mail upon Plaintiff on February 6, 2025. Dkt. 28. On February 14, 2025, the Commissioner filed a Response, taking no position on the Motion. Dkt. 29. No other interested party filed a timely position. As a result, the Motion is fully briefed and ready for decision.

Under Section 406(b), when a court renders judgment favorable to a Social Security disability claimant, the court may include as part of its judgment a "reasonable fee" for the claimant's counsel for work, which can be no more than 25% of the total of past-due benefits awards to the claimant. See 42 U.S.C. § 406(b)(1)(A) (for fee claims for successful Disability Insurance Benefits claimants); 42 U.S.C. § 1383(d)(2)(A) (for fee claims for successful Supplemental Security Income claimants, directing that except for provisions inapplicable here, "[t]he provisions of section 406 . . . shall apply to this part . . ." for fee claims). In considering a motion for attorney's fees under Section 406(b), the court must review the request "as an independent check" to ensure that the contingency agreement "yield[s] reasonable results." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To evaluate reasonableness, the court considers the character of the representation and the results achieved. Id. at 808. The court "must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Id. "As evidence of the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06006-JDE | Date | February 20, 2025 |
|---|---|---|---|
| Title | Aaron Hunter v. Leland Dudeck, Acting Comm'r of Soc. Sec. Admin. | | |

reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." Id. The court may consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee. Id. at 1151. "[A]ttorneys assume[] significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." Id. at 1152. The court must offset an award of § 406(b) attorney's fees by any award of fees granted under the Equal Access to Justice Act ("EAJA"). Id. at 1144 n.3.

Here, Plaintiff's counsel requests a fee award of $13,271.50 for work performed before this Court. Motion at 1. The Court finds that the fee request is reasonable. Plaintiff was awarded past due benefits of $53,086.00, with $13,271.50 total withheld by the Agency to pay representative fees. Dkt. 25-3 at 2. The full requested fees falls within the 25% of the past due benefits award authorized by the fee agreement between Plaintiff and counsel as represented under oath counsel (Dkt. 25 at 16, ¶ 2) and is within § 406(b)(1)(A)'s statutory ceiling and the amount withheld by the Agency. Further, the Court has reviewed the itemized time records submitted by counsel (Dkt. 25-4) reflecting 22.4 hours of attorney time and 3.5 hours of paralegal time incurred in the district court and finds the work and the requested fees are reasonable given the favorable outcome, as measured in part by the substantial award of past benefits, and finds the time spent is not out of proportion to the fee award. Lastly, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel, or that counsel delayed these proceedings.

Counsel for Plaintiff and the Commissioner agree that the order on the Motion should account for the $4,550.00 EAJA fee previously ordered (Dkt. 24), less the portion of that fee that had been confiscated by the Treasury Department prior to disbursement ($2,504.00), leaving $2,046.00, which belongs to Plaintiff. Motion at 1-2; Dkt. 29 at 2. The Court accounts for the previously disbursed EAJA portion as set forth below.

As a result, based on the foregoing, the Motion (Dkt. 26) is GRANTED as set forth below. Plaintiff's counsel is entitled to a fee award of $13,271.50 for work performed in this Court under 42 U.S.C. § 406(b) payable to Plaintiff's counsel, with Plaintiff's counsel directed, upon receipt of such payment, to refund Plaintiff the $2,046.00 EAJA fee award previously received by counsel.

IT IS SO ORDERED.